**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR LEE EARNEST,** | : | **CIVIL NO. 3:14-CV-1119** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **STEVEN GLUNT, PA ATTORNEY GENERAL,** | : | |
| | : | |
| Respondents: | | |

## **MEMORANDUM**

Petitioner Arthur Lee Earnest ("Earnest" or "petitioner"), a Pennsylvania state inmate presently incarcerated at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, initiated this action on June 10, 2014, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges the Judgment of Sentence entered on June 15, 2010, in Court of Common Pleas of Centre County Criminal case number CP-14-CR-0002194-2009. For the reasons that follow, the petition will be denied.

### **I.   State Court Background**

The following factual background is extracted from Court of Common Pleas June 29, 2013, Opinion and Order issued following a hearing on Earnest's Second Amended Post Conviction Relief Act ("PCRA") Petition:

> This case arises out of a confrontation that occurred on November 6, 2009. On that date, Petitioner was driving behind a vehicle driven by Chris McCully. When Mr. McCully pulled up to a stop sign, Petitioner exited his vehicle and approached Mr. McCully. After a verbal exchange between the parties, Petitioner attacked McCully with a screwdriver. On May 4, 2010, this Court found Petitioner guilty

> of two counts of aggravated assault, one count of terroristic threats, two counts of simple assault, one count of harassment, and one count of careless driving. On June 15, 2010, Petitioner was sentenced to seven (7) to (14) years of incarceration on count one aggravated assault, with no separate sentence for the remaining counts. Petitioner was represented by Attorney James Bryant (hereinafter "Attorney Bryant") from his initial arrest through sentencing, at which time Petitioner was then appointed Chief Public Defender David Crowley (hereinafter "Attorney Crowley") for Post-Sentence Motions as well as any appeals to the Pennsylvania Superior and Supreme Courts.

(Doc. 13, p. 105-06). A timely notice of appeal to the Pennsylvania Superior Court was filed. On May 9, 2011, the superior court affirmed the judgement and on September 28, 2011, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Doc. 1, p. 24, citing Commonwealth v. Earnest, 30 A.3d 534 (Pa. Super. 2011)(unpublished memorandum), appeal denied, 30 A.3d 487 (Pa. 2011)).

On February 1, 2011, Earnest filed a timely PCRA. (Id.) During the PCRA proceedings, Earnest was represented by Attorney Steven P. Trialonas (hereinafter "Attorney Trialonas"). The following grounds for relief were raised in his Amended PCRA petition: "ineffective assistance of [trial counsel, Attorney Bryant, and appellate counsel, Attorney Crowley], and the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." (Id. at 106). The only ground pertinent to Earnest's federal petition is his contention that Attorney Bryant failed to convey to him the plea offer proposed by the Commonwealth. (Id. at 108).

In a January 29, 2013 opinion and order, the state court set forth the following standard of review: "It is well-established that counsel is presumed to have provided

2

effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. Commonwealth v. Natividad, 938 A.2d 310 (Pa. 2007)." In applying this standard, the state court opined as follows:

> Both Petitioner and Attorney Bryant testified at the PCRA hearing. Because Attorney Bryant's actions were reasonably explained by his testimony at the hearing, the Court must make a credibility determination regarding Attorney Bryant and Petitioner's testimony.
>
> Petitioner testified he did not recall Attorney Bryant providing him any plea offers to consider nor did Petitioner recall speaking with Attorney Bryant about the sentence ranges for the counts charged. Petitioner further stated that had he been given the option of a plea deal on count two, aggravated assault with a deadly weapon, (a plea deal that would have required Petitioner to serve an undetermined jail sentence at a state correctional institution), he would have taken it.
>
> Attorney Bryant testified there was a plea offer wherein Petitioner would agree to an "open plea" followed by "state time." When asked whether he discussed a plea offer with Petitioner, Attorney Bryan responded in the affirmative. Attorney Bryant provided details of a conversation with Petitioner, including statements made by Petitioner and his wife as to the desirability of the plea. Attorney Bryant was forthcoming that he had not discussed the sentence ranges with Petitioner; however, he explained to Petitioner the plea offer would require Petitioner to "do state time." Ultimately, Petitioner decided to reject the offer because he "felt he was not the instigator" and therefore "didn't do anything wrong." When pressed by Petitioner's counsel if he tried to convince Petitioner to take the deal, Attorney Bryant stated "you don't convince Arthur. He only listens to his wife." Attorney Bryant testified he had a previous attorney-client relationship with Petitioner, and had represented him in three or four other cases where Petitioner was charged with "road rage" and "family fights." On cross examination, Attorney Bryant further detailed the circumstances surrounding the plea offer. Attorney Bryant testified Petitioner wanted some kind of guarantee on the timeframe of the sentence he would be facing if he agreed to the deal. However, Commonwealth's counsel was

3

> not willing to commit to a timeframe and as a result, Petitioner chose to "roll the dice" and take his chances at trial.
>
> Lastly, Petitioner's testimony occurred after Attorney Bryant's testimony, and he did not deny or address any of Attorney Bryant's testimony except to say several times that he had no idea a plea was offered. Attorney Bryant credibly testified that he provided Petitioner with the plea offer and that Petitioner rejected it, deciding to take the case to trial instead. Based on the testimony heard at the PCRA hearing, the Court finds Attorney Bryant effectively conveyed the plea offer to Petitioner. For this reason Petitioners' first claim is without merit.

(Doc. 1, pp. 18-19; Doc. 13, pp. 108-09). Earnest filed a timely appeal on February 12, 2013. (Doc. 1, p. 23). He raised two issues on appeal including "Did the [PCRA] court commit error in finding that trial counsel effectively conveyed the plea offer to Appellant?" (Id. at 25). On October 10, 2013, the superior court deemed both issues waived stating "we are constrained to conclude that Appellant has waived both of his issues on appeal for failure to include the notes of testimony from the PCRA hearing in the certified record." (Id. at 29).

Thereafter, Earnest filed a complaint against Attorney Trialonas with the Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter "the Board") arguing, *inter alia*, that "[o]n appeal, Mr, Trialonas failed to file the evidentiary hearing transcript with the Superior Court, and the court denied the requested relief on procedural grounds." (Doc. 2, p 11). The Board contacted Attorney Trialonis and, in response to the Board inquiry, "Mr. Trialonis admitted he had erred and stated he was contrite in his response to you and had provided you with case law which would aid in having your appellate rights reinstated." (Id. at 11-12). On May 8, 2014, the Board concluded that "[a]fter assessing the record in your case, we are of the opinion that Mr. Trialonis's conduct fell below the standards required of

4

Pennsylvania lawyers." (Id. at 12).

Earnest filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 10, 2014.

## II. Grounds Upon Which Petitioner Seeks Relief

Earnest seeks relief on the following grounds:

Ground One: Trial Counsel was constitutionally ineffective for failing to inform [him] of two plea offers by D.A.'s Office and for failing to advise [him] of advantages versus the disadvantages of the plea offers versus a trial.

Ground Two: PCRA Counsel ineffective assistance. PCRA Counsel failed to order PCRA evidentiary hearing notes of testimony transcribed which procedurally defaulted all of the issues raised: therefore, the Superior Court denied merits review.

(Doc. 1, pp. 5-6).

## III. Discussion

### A. Ineffective Assistance of Trial Counsel

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process). Exhaustion is

5

grounded in principles of comity which "dictate that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844–45. Significantly, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, forbids a finding that exhaustion has been waived unless the State expressly waives the requirement, 28 U.S.C. § 2254(b)(3). Banks v. Dretke, 540 U.S. 668, 705 (2004).[1] In the instant matter, the State did not expressly waive exhaustion.

To comply with the exhaustion requirement, a state prisoner must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir.1996), *abrogated on other grounds by* Beard v. Kindler, 558 U.S. 53 (2009); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). This requires applicants to "fairly present" federal claims to state courts before bringing them in federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275

---

[1] Conversely, "under pre-AEDPA law, exhaustion and procedural default defenses could be waived based on the State's litigation conduct. See Gray v. Netherland, 518 U.S. 152, 166, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (failure to raise procedural default in federal habeas court means the defense is lost); Granberry v. Greer, 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987) ("if a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred, it may . . . be appropriate for the court of appeals to hold that the nonexhaustion defense has been waived")." Banks, 540 U.S. at 705

(1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, as is the case with Earnest's ineffective assistance of trial counsel claim, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297–98 (1989) Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160. "[F]ederal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Trevino v. Thaler, 133 S. Ct. 1911, 1917, 185 L. Ed. 2d 1044 (2013).

To demonstrate "cause," the petitioner must demonstrate that some objective external factor impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate "actual prejudice," the petitioner must show that the errors worked to his actual and substantial disadvantage "infecting his entire [proceeding] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not

7

mere legal insufficiency." Bouslev v. United States, 523 U.S. 614, 623 (1998). This requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Earnest concedes that this claim is procedurally defaulted, but seeks to be excused from the default based upon the Supreme Court case of Martinez v. Ryan, 566 U.S. 1, –––, 132 S.Ct. 1309, 1320 (2012). (Doc. 1, p. 6; Doc. 2, pp. 9-10). In support of his argument, he states that "the Superior Court has ruled due to PCRA counsel Trialonas's ineffectiveness, Petitioner's case was denied a merits review, that is, counsel procedurally defaulted the issue. However, the decision in Martinez v. Ryan allows the state closed door to be opened on federal habeas review." (Doc. 2, pp. 9-10).

> In Coleman[ v. Thompson, 501U.s. 722 (199)] the Supreme Court held that attorney error during state collateral proceedings does not constitute cause to excuse the procedural default of a claim later raised in habeas. Id. at 752–53, 111 S.Ct. 2546. The Court reasoned that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," id. at 752, 111 S.Ct. 2546 (citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)), and when a prisoner has no right to counsel he bears the risk of attorney error causing a procedural default, id. at 752–54, 111 S.Ct. 2546 (citing Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986)).
>
> However, a "prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of the federal law." Martinez, *supra*, at –––, 132 S.Ct., at 1316. In Martinez, the Court recognized a "narrow exception" to Coleman's statement "that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." 566 U.S., at –––, 132 S.Ct. [1309], at 1315 [2012]. That exception allows a federal habeas court to find "cause" to excuse such default where (1) the

8

> ineffective-assistance-of-trial-counsel claim was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that the claim "be raised in an initial-review collateral proceeding." Id., at ——, 132 S.Ct., at 1320.

Norris v. Brooks, 794 F3d 401, 404-05 (3d Cir. 2015). The Norris Court expounded on the narrow applicability of Martinez as follows:

> Martinez established an exception to the rule in Coleman by holding that attorney error in collateral proceedings may sometimes establish cause for the default of a claim of ineffective assistance of trial counsel. 132 S.Ct. at 1315. The Martinez Court made clear, however, that this is a "narrow exception." Id. Most importantly, the Court stated that the exception applies only to attorney error in initial-review collateral proceedings, not appeals from those proceedings. Id. at 1320. And the Court clarified that the exception applies only to cases in which the state formally requires prisoners to raise claims of ineffective assistance of trial counsel on collateral review rather than direct appeal. Id. The reason for these caveats, it seems, is that the Court was concerned only about cases in which the error of a prisoner's collateral review attorney results in "no state court at any level" hearing the prisoner's claim and the claim being defaulted for purposes of habeas review in federal court. Id. at 1316. Outside of these "limited circumstances," Martinez made clear that Coleman remains the law. Id. at 1320.

Norris, 794 F.3d at 404-05. In the matter *sub judice*, as in Coleman, the alleged ineffectiveness of trial counsel was addressed by the state PCRA trial court and, therefore, Earnest had the benefit of collateral review. Consequently, Martinez does not apply and Earnest is unable to establish cause. In the absence of cause, the court will not address the issue of prejudice. In turn, the miscarriage of justice exception is inapplicable because Earnest has not provided new reliable evidence of his actual innocence. Accordingly, the court will deny Earnest's ineffective assistance of trial counsel claim as procedurally barred.

### B.     Ineffective Assistance of PCRA Counsel

Ineffective assistance of PCRA counsel, is not cognizable on federal habeas review because there is no constitutional right to counsel in state collateral proceedings. 28 U.S.C. § 2254(i) (stating that "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Coleman, 501 U.S. at752–53; Pennsylvania v. Finley, 481 U.S. 551, 555–56 (1987).  Consequently, Earnest's petition will be denied as to this claim.

### IV.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural

disposition of this case debatable.  See Vogt v. Coleman, No. 08-530, (W.D. Pa. Jan. 8, 2010), 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability).  Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  See Fed. R. App. P. 22(b)(1), (2).

**IV.**  **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be denied. An appropriate order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: January 22 2016